We have examined the bill and answers, and the will and codicil of the testator, Richard Smith, and upon the questions which the defendants say will enable them as executors to settle the estate, we declare our opinion to be:
First. Is the property in Florida charged with the support and education of the testator's children, as a common fund, without regard to the relative expense of the support and education of each child? We think it is a common fund, and the children are to be supported and educated out of it, without reference to the relative expense of each child. That is a matter within the sound discretion of the executors; and they are at liberty to spend more or less of the fund, upon the education of each child, as may seem to them suitable and beneficial.
Secondly. How long does this charge continue? Does it cease wholly in respect to a child who takes off a share by marriage before the majority of Richard L., or cease only as to the share drawn off? We think, upon the marriage of a child before the majority of Richard L., such child has a right to draw a share out of the common fund (subject, of course, to the payment of the testator's debts), and in that event the charge ceases, both in respect to the child, and the share so drawn out.
Thirdly, Is a child who arrives at full age, but does not marry, and has completed her education, entitled to support, and for what period? We think, as such child is not entitled to draw her share out of the common fund until Richard L. attains his majority, the child is entitled to be supported out of the common fund until Richard L. is of full age, when the division is to take place.
Fourthly. If one child marries before the division, is she entitled to support until the division? We think, upon the marriage of a child, she has a present right to draw her share, and is no longer entitled to support; but in lieu thereof, is entitled to the profits of her share. The costs must be paid by the defendants out of the fund.
PER CURIAM. Decreed accordingly. *Page 258